**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| 1059 LAKESHORE BOULEVARD, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>A&E ARCHITECTS, P.C.,<br><br>  Defendant. | Case No. 3:21-CV-00097-MMD-CLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>[ECF Nos. 28] |

Pending before the Court is Defendant A&E Architects, P.C.'s ("A&E") motion to stay discovery pending the court's decision on A&E's motion to dismiss. (ECF No. 28). Plaintiff 1059 Lakeshore Boulevard, LLC ("Lakeshore") opposed the motion, (ECF No. 31), and A&E replied. (ECF No. 32). The court has reviewed the relevant pleadings and papers, and for the reasons stated below, the court grants A&E's motion to stay discovery. (ECF No. 28).

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay ... has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.,* No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Therefore, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should not proceed. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause to stay discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013). Motions to dismiss are frequently part of federal practice and an "overly lenient standard for granting motions to stay all discovery is likely to result

in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

However, a stay of discovery pending resolution of a motion pretrial is appropriate when: (1) the pending motion is potentially dispositive; (2) whether the pending motion can be decided without additional discovery; and (3) a magistrate judge has taken a "preliminary peek" at the underlying motion. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* at 603.

With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

With respect to the *Kor Media* factors listed above, A&E and Lakeshore agree that A&E's motion to dismiss is dispositive and it can be decided without additional discovery. The parties disagree, however, as to whether it is likely that the motion to dismiss will be granted and whether a stay of discovery is warranted.

The Court has conducted a preliminary review of the underlying motion to dismiss, reviewed the operative complaint in this action, and reviewed the current filings related to the motion to stay. Moreover, the Court has considered the primary objectives of Rule 1 and the purpose of discovery in this matter. Based on this review, the Court finds that a stay of discovery is proper. Although the District Court may disagree with the undersigned determination, the Court is fairly convinced that the motion to dismiss is meritorious and will likely be granted. Moreover, as the stay requested is limited to the time necessary for the district court to rule on the motion, the Court finds that a short stay of discovery would not be prejudicial to Lakeshore and would promote the objectives of Rule 1, particularly the inexpensive resolution of the case.

Therefore, A&E's motion to stay discovery until a ruling is entered on A&E's motion to dismiss, (ECF No. 28), is **GRANTED.**

In the event the motion to dismiss is denied, the parties are ordered to file an updated discovery plan and scheduling order within 14 days after the entry of that order.

DATED: August 30, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**