UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1059 LAKESHORE BOULEVARD LLC,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>GARY PULVER dba PULVER<br>CONSTRUCTION COMPANY, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00097-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

This action arises from the construction of a private residence in Incline Village, Nevada. Plaintiff 1059 Lakeshore Boulevard LLC alleges that Defendant A&E Architects, P.C., failed to work with the skill and care ordinarily rendered by similar architects in the area, which resulted in the defective construction of the residence.[1] (ECF No. 1-1 at 7-9.) Before the Court is Defendant's motion to dismiss Plaintiff's first amended complaint ("FAC").[2] (ECF no. 10 ("Motion").) Defendant argues the FAC is void *ab initio* because Plaintiff failed to attach a certificate of merit pursuant to NRS § 40.6884 and therefore must be dismissed. Because the Court is persuaded that the single claim in the FAC is subject to Chapter 40 of the Nevada Revised Statutes, the Court agrees with Defendant and will therefore grant the Motion. Moreover, because the FAC was void *ab initio*, the Court is without authority to grant leave to amend. The Court will therefore deny Intervenor Gary Pulver's motion to intervene (ECF No. 26) as moot.

---

[1]Although Gary A. Pulver dba Pulver Construction Company, Cruz Construction Company, and Reno Tahoe Geo Associates, Inc., are all named Defendants in the caption of the FAC, there is a single claim alleged against only A&E Architects, P.C., and Does 1-100. (ECF No. 1-1.) For the purposes of this order, "Defendant" refers solely to A&E Architects, P.C.

[2]Plaintiff responded (ECF No. 16) and Defendant replied (ECF No. 18).

## II.  BACKGROUND

The following facts are adapted from the FAC. Plaintiff is a Nevada LLC managed by Barry and Anna Kane. (ECF No. 1-1 at 3.) In 2015, Plaintiff contracted with Defendant to design plans for the construction of a custom residence near the north shore of Lake Tahoe, located at 1059 Lakeshore Drive (the "Residence"). (*Id.* at 4.) After construction was substantially completed, Plaintiff had a contractor evaluate the new Residence to ensure that it was in compliance with local governmental agencies' Best Management Practices prior to winter. (*Id.* at 5.) During that evaluation, the contractor noted that several features of the drainage system were either "improperly installed" or "missing entirely." (*Id.*) Plaintiff concluded that the plans for the Residence "failed to properly account for drainage of surface, subsurface, and/or groundwater that could infiltrate the useable interior space." (*Id.*)

Plaintiff filed suit in Nevada state district court. (ECF No. 1-2.) In its original complaint, Plaintiff alleged the following claims: (1) breach of oral contract against general contractor Pulver Construction; (2) breach of written contract against Defendant; (3) negligent misrepresentation against Defendant and engineering firm Reno Tahoe Geo Associates, Inc.; and (4) fraudulent concealment against Pulver Construction and subcontractor Cruz Construction. (*Id.*) Plaintiff attached the written agreement ("Architect Agreement") it entered into with Defendant. (*Id.* at 21-32.) Plaintiff then filed the FAC, which asserted a single claim for breach of contract against Defendant, again attaching the Architect Agreement. (ECF No. 1-1.) Defendant removed to this Court (ECF No. 1) and now moves to dismiss the FAC (ECF No. 10.)

## III.  LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the Court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks and citation omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

**IV.   DISCUSSION**

Defendant argues that Plaintiff's FAC is void *ab initio* because it did not attach the merit certification required by Nevada law. (ECF No. 10.) Plaintiff contends that because its claim is not governed by Chapter 40 of the Nevada Revised Statutes, it was not required to attach the merit certification. As explained below, the Court finds that a merit certification was required and will therefore grant Defendant's Motion.

///

///

### A. Nevada's Merit Certification Statute

Chapter 40 of the Nevada Revised Statutes governs, in relevant part, actions resulting from constructional defect. *See* NRS §§ 40.600-40.695. "Constructional defect" is defined as:

> a defect in the design, construction, manufacture, repair or landscaping of a new residence . . . and includes, without limitation, the design construction, manufacture, repair or landscaping of a new residence . . .
> (1) which presents an unreasonable risk of injury to a person or property; or
> (2) which is not completed in a good and workmanlike manner and proximately causes physical damage to the residence, an appurtenance or the real property to which the residence.

NRS § 40.615. Notably, the statute includes both defects which pose an "unreasonable risk" of harm to either person or property, as well as damage that has already occurred.

Moreover, Nevada is one of several states that requires a merit certification when bringing construction defect suits against certain construction professionals. Per NRS § 40.6884(1):

> in an action governed by NRS 40.600 to 40.695, inclusive, that is commenced against a design professional or a person primarily engaged in the practice of professional engineering, land surveying, architecture or landscape architecture, including, without limitation for professional negligence, the attorney for the complainant shall file an affidavit with the court concurrently with the service of the first pleading in the action stating that the attorney:
> (a) Has reviewed the facts of the case;
> (b) Has consulted with an expert:
> (c) Reasonably believes the expert who was consulted is knowledgeable in the relevant discipline involved in the action; and
> (d) Has concluded on the basis of the attorney's review and the consultation with the expert that the action has a reasonable basis in law and fact.

In addition to the attorney's affidavit, the attorney must attach a report from the expert consulted by the attorney that includes, among other materials, "[a] statement that the expert has concluded that there is a reasonable basis for filing the action." *See* NRS § 40.6884(3). If extenuating circumstances exist, the attorney may file the complaint with an affidavit explaining that the requisite consultation and report are forthcoming. *See* NRS § 40.6884(2).

4

### B.     Applicability of NRS § 40.6884

The parties do not dispute that failing to comply with NRS § 40.6884 in a Chapter 40 suit requires dismissal without prejudice, nor that the requirements of the statute apply whether the Chapter 40 suit is brought in federal or state court. (ECF No. 16 at 4.) However, Plaintiff contends that it was not required to comply with NRS § 40.6884 because its breach of contract claim is not "governed by NRS 40.600 to 40.695." (*Id.* at 1-2.) The Court disagrees.

"It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004). Although Plaintiff refers to its claim as "breach of contract," it is clearly alleging a claim for professional negligence which is expressly covered by NRS § 40.6884. The FAC alleges that Defendant breached the Architect Agreement "by failing to render the professional services set forth in the Architect Agreement consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances." (ECF No. 1-1 at 8.) Plaintiff goes on to allege that the plans for the Residence "are defective and/or not in compliance with applicable building codes and ordinances," which required Plaintiff "to perform works of repair, restoration, and/or construction to portions of the Project and Property to prevent property damage to the Property and/or to restore portions thereof to their proper condition." (*Id.* at 8-9.)

Plaintiff's attempts to distinguish its claim from a typical construction defect suit are not persuasive. In its opposition to Defendant's Motion, Plaintiff argues that defects alleged in the FAC are not "constructional defects" as defined by Chapter 40 because they have not caused any physical damage to the Residence. (ECF No. 16 at 2.) First, Chapter 40 does not only apply to defects which have already caused harm, but also applies to defects which pose an unreasonable risk of injury to persons or property. *See* NRS § 40.615(1). Plaintiff's argument that it was required to make repairs to "*prevent* possible property damage" and to "comply with building codes and ordinances" fall within

5

this category. (ECF No. 16 at 2.) Moreover, the Nevada Supreme Court has previously interpreted Chapter 40 provisions "broadly" when determining whether a claim triggers the requirements of NRS § 40.6884. *See, e.g.*, *LaFrieda v. Black Eagle Consulting, Inc.*, Case No. 62284, 2014 WL 3784255, at *4 (Nev. Jul. 30, 2014) (finding § 40.6884 applied to a negligent misrepresentation claim "because this claim arose out of [the defendant's] role in the construction and later inspection of [the plaintiff's] home") (unpublished decision).

Plaintiff's use of case law in which the Nevada Supreme Court has found Chapter 40 does not apply is inapposite. (ECF No. 16 at 6-9.) Both cases Plaintiff cites to interpret whether the properties in question are "new residences" pursuant to NRS § 40.615. *See Pankopf v. Peterson*, 175 P.3d 910, 912-13 (Nev. 2008) ("Given that the residence in this case has not been completed, it cannot constitute a 'new residence' for the purposes of NRS Chapter 40."); *Westpark Owners' Association v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 167 P.3d 421 (Nev. 2007) ("[A] residence is 'new' only if it is a product of original construction that has been unoccupied as a dwelling from the completion of its construction to the point of sale."); *see also ANSE, Inc. v. Dist. Ct.*, 192 P.3d 738 (Nev. 2008) (elaborating on the definition of "new residence" in *Westpark*). Here, there is no dispute that the Residence is newly constructed or that it is finished. Accordingly, the Nevada Supreme Court's reasoning in *Pankopf* and *Westpark* does nothing to advance Plaintiff's argument that the allegedly defective work Defendant performed is not a "construction defect" within the meaning of Chapter 40.

Because Plaintiff asserts that Defendant's negligent work resulted in defective construction, it was required to attach an attorney affidavit certifying compliance with the mandate of NRS § 40.6884 and an expert report explaining the merits of Plaintiff's claim. Plaintiff did not supply the requisite attachments. Thus, the FAC is void *ab initio* and must be dismissed. The Court is further without authority to permit leave to amend. Finally, because the FAC is dismissed without prejudice but without leave to amend, Pulver's motion to intervene will be denied as moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 10) is granted. Plaintiff's first amended complaint is dismissed without prejudice, but without leave to amend.

It is further ordered that Pulver's motion to intervene (ECF No. 26) is denied as moot.

The Clerk of Court is directed to close this case.

DATED THIS 13th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE